## SHERMAN OVERSTREET v. STATE.

No. A-6131.   Opinion Filed Oct. 29, 1927.
(260 Pac. 781.)

E. W. Snoddy and John R. Murrow, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.   Sherman Overstreet was convicted on information charging that in Woods county, September 27, 1925, he did sell one pint of whisky to one B. E. Slagle, and in accordance with the verdict of the jury was sentenced to pay a fine of $100 and confinement in the county jail for 60 days. To reverse the judgment he appeals.

The state relied for this conviction on the testimony

of the witness B. E. Slagle, who testified that he lived at Carmen, Okla.; that he was employed by the mayor of Waynoka for the purpose of ferreting out violators of the prohibitory law; that he received $10 a day and expenses, while he was so engaged in the month of September, 1925; that he met the defendant on the streets of Waynoka, had never seen him before, and asked him if a man could get anything around there to drink; that the defendant said that he did not know, that he might; then he told the defendant that he would like to have a pint or quart of liquor; that the defendant said, "All right, where will you be?" and the defendant told him to go in that restaurant there and possibly he could get him something; that he went in the restaurant, waited there for about 15 minutes, and the defendant brought him a pint of liquor, and he paid the defendant $2 for it.

As a witness in his own behalf the defendant denied that he sold the liquor to Slagle; that he knew Slagle to be a professional hired informer and detective; that in the spring of 1925 he heard Slagle testify on the witness stand in the federal court at Enid that he, Slagle, was a professional hired informer and detective, whose business it was to purchase liquor from persons suspected of violating the prohibitory laws.

The following named witnesses, business men and farmers, living at and in the neighborhood of Carmen, qualified, and each testified that the reputation for truth and veracity of B. E. Slagle in the neighborhood in which he resided was bad: H. V. Jordan, Everett Moser, C. E. Yoder, Whitson Smith, A. P. Shreiber, Dean Moser, Edward Marlow, Fred Mercer, and Frank Copenhaver. Their testimony was undisputed.

Aside from the testimony of B. E. Slagle, there is no evidence tending to show the commission of the offense charged.

In Smith v. State, 34 Okla. Cr. 396, 246 P. 1104, we said:

"The only evidence in the case against the defendant was the uncorroborated testimony of B. E. Slagle, who, as shown by numerous decisions of this court, has heretofore been successfully impeached and discredited as a witness."

And see Phelps v. State, 33 Okla. Cr. 380, 244 P. 453; Gabler v. State, 33 Okla. Cr. 317, 243 P. 981.

In Prochneau v. State, 32 Okla. Cr. 210, 240 P. 1090, he was the prosecuting witness. We said:

"All good citizens have an interest in the vindication of public justice and maintaining the majesty of the law. It is a matter of common knowledge that the most potent factor of the dishonest dispensation of justice is the production of untruthful testimony upon the witness stand. Generally speaking, a private detective is not overscrupulous in the truthfulness of his testimony, and such evidence should be viewed with caution, as it may not be entitled to very much credence."

Upon a careful examination of the record we think the trial court erred in refusing to grant the motion for a new trial on the ground that the verdict was contrary to the evidence. For this reason we do not deem it necessary to discuss the other assignments of error. Because the evidence is insufficient to support the verdict, the judgment appealed from is reversed.

EDWARDS and DAVENPORT, JJ., concur.